WALTER BINNER, Respondent, *v.* THE GEORGE ETHRIDGE COMPANY, Appellant.

WALTER BINNER, Respondent, *v.* GEORGE ETHRIDGE, Doing Business as THE ETHRIDGE COMPANY, Appellant.

First Department, November 28, 1924.

**Principal and agent — action to recover commissions — certain items allowed — plaintiff not entitled to commissions on business he was not permitted to solicit.**

In an action to recover commissions on business secured by the plaintiff for the defendant, the judgment in favor of the plaintiff was proper as to certain items.

The plaintiff should not have been permitted to recover commissions for orders secured by others on the theory that he was not permitted to solicit those orders, for the action is one to recover commissions and not one to recover damages based on the defendant's refusal to permit him to solicit the orders.

APPEAL in the first above-entitled action by the defendant The George Ethridge Company, and in the second above-entitled action by the defendant George Ethridge, from judgments of the Supreme Court in favor of the plaintiff in each action, entered in the office of the clerk of the county of New York on the 22d day of December, 1923, upon the verdict of a jury, and also from orders entered in said clerk's office on the 12th day of January, 1924,

denying the defendant's motion in each action for a new trial made upon the minutes.

*Leonard G. McAneny*, for the appellants.

*Gwinn & Pell* [*Harvey B. Hartsock* of counsel], for the respondent.

MARTIN, J.:

On August 31, 1916, the defendant The George Ethridge Company was engaged in the business of selling advertising ideas and drawings to aid in their application. On that day the plaintiff and defendant entered into a written contract embraced in a letter addressed by the defendant to the plaintiff and accepted by the plaintiff.

*"August* 31, 1916.

" MR. WALTER BINNER:

" My understanding of our arrangement is as follows:

" That following my return from the Adirondacks, in September, you are to take charge of the 'Printing Department' on a commission basis, and with a drawing account of $50 (Fifty Dollars) per week.

" On all orders that you personally secure for drawings — and the prices of which are in accord with our regular tariff — we are to pay you a twenty per cent. commission, on the gross.

" On orders which you personally secure for printing, we are to pay you twenty per cent. of the net profit. (If any drawings are used in connection with the printed matters, they are to be figured separately, on the basis mentioned above.)

" If, at any time, the amount of your drawing account exceeds the amount of the commissions due you, the said amount shall be considered a debt, owed by you to The Ethridge Company.

" The said debt to be paid within six months of the date of the severance of your connection with The Ethridge Company.

" G. ETHRIDGE

" WALTER BINNER."

The plaintiff immediately thereafter commenced work under this contract and continued to be employed by the defendant The George Ethridge Company until the dissolution of that company on December 9, 1919. He thereafter continued on the same terms with George Ethridge, doing business as The Ethridge Company, the defendant in the related action, who succeeded The George Ethridge Company.

During the period of his employment by the two defendants from August 31, 1916, to August 23, 1920, it is admitted in the pleadings that he was paid the sum of $5,550 on a drawing account

and $9,699.18 and $4,961.15 on a straight commission basis, aggregating $20,210.33.

Among the customers of the two defendants during the period of plaintiff's employment were the following: P. F. O'Keefe Advertising Agency; Frank Seaman, Inc., an advertising agency; George E. Keith Company, and Gardiner, Atkinson & Wells, Inc., an advertising agency.

Plaintiff asserts that he is entitled to a commission of twenty per cent upon orders received from these four customers during the period from August 31, 1916, when he first became connected with defendant The George Ethridge Company, to August 23, 1920, when he left the employment of its successor, George Ethridge doing business individually.

He admits he was paid the amount set forth in defendants' answers, but asserts that it was not payment in full for all commissions due him. He alleges that he secured the orders, in relation to which commissions are sought in these actions, in the same manner that he secured the orders for which he has been paid commissions; that there are commissions due and unpaid on orders received during his employment by defendants from four customers, on one order received from George E. Keith Company of Campello, Mass., on all orders received from P. F. O'Keefe Advertising Agency of Boston after February 21, 1919, and on all orders received from Gardiner, Atkinson & Wells, Inc. or from Frank Seaman, Inc., both of New York city.

The plaintiff is entitled to his commissions on the George E. Keith Company order, which was secured by him, afterwards filled and the work paid for in full. Though he obtained this order, defendant contends the George E. Keith Company was dissatisfied with the work and informed the defendant that it would receive no more business from the George E. Keith Company. Mr. Ethridge says that after he had a talk with a representative of the Keith Company, sent to reject the work, satisfactory changes were made and, under persuasion, the work was accepted. The commission on this item amounted to $400. The defendant paid plaintiff $150, but refused to pay him the $250 remaining on the ground that he was only in part responsible for the order. Upon the evidence the plaintiff was entitled to the full commission, and a verdict on this item amounting to $250 with $50 interest, making $300, should have been directed.

The Gardiner, Atkinson & Wells, Inc. advertising agency had not been doing business with the Ethridge corporation for ten years prior to the time referred to in these actions. About the year 1917 plaintiff made several calls upon representatives of

that concern covering a period of six months or more. Gardiner, Atkinson & Wells, Inc. never gave plaintiff an order personally. In the early part of 1919, February or March, Mr. James Ethridge called on Gardiner, Atkinson & Wells, Inc., knowing they had the National Biscuit Company account, which is one of the largest in the country. He says he saw Mr. Wells and Mr. Bourne of that company and received orders from them. The plaintiff, however, had been doing considerable work with reference to this matter, and it appears to have been understood that these orders were given because of his efforts. Plaintiff's contention is that he secured business for Gardiner, Atkinson & Wells, Inc., and, to reciprocate, they gave their business to defendant through him. It is not contended that Mr. James Ethridge was responsible for all the orders from that customer; for the orders testified to by Mr. James Ethridge included only thirty-four, aggregating $1,762, whereas the entire account during the period in question aggregated $2,292.

We believe the evidence sustains the recovery as to this business to the extent of $458.40, together with $89.88, making a total of $548.28.

The Frank Seaman, Inc. advertising agency business was not secured by this plaintiff, and he is not entitled to commissions on the orders given by that agency. Mr. Parkhurst, who had charge of the business of the Frank Seaman, Inc. advertising agency, testified that plaintiff was in nowise responsible for the orders, and the record accords with his testimony. Mr. Parkhurst had been employed by defendant for a number of years prior to his employment by Frank Seaman, Inc. and had given much business to the defendants after leaving them. He testified that during the years 1919 and 1920 he gave a number of orders to one of the defendants through Mr. James Ethridge, and that he never gave any orders to the Ethridge Company because of solicitation by the plaintiff. He also testified that he did business with one of the defendants for the Frank Seaman, Inc. advertising agency prior to January 1, 1919; and that prior to his employment with defendant he worked for N. W. Ayers & Co., and while with that concern gave orders to the Ethridge Company amounting to several hundred dollars.

The plaintiff does not assert that he personally received any orders from the Frank Seaman, Inc. advertising agency, but advances the argument that he should recover because he was prevented from obtaining such orders. He says he was supplanted by Mr. James Ethridge, who then called upon the Frank Seaman, Inc. advertising agency and secured orders for The George Ethridge Company aggregating $4,760. All of these orders were received

after the return of Mr. James Ethridge from the war.  Both Mr. James Ethridge and Mr. Parkhurst testified that orders were given to the Ethridge Company but not through any solicitation of the plaintiff.  Mr. Parkhurst says he did not deal with any one in the Ethridge Company except Mr. James Ethridge.

It seems, therefore, that plaintiff's theory as to this item is that he should recover his commissions for the orders obtained by others because he was not permitted to solicit these orders. But the action is one to recover for commissions, and not one to recover because he was deprived of the right to earn commissions.

The plaintiff is not entitled to commissions on the orders placed with defendants by the P. F. O'Keefe Advertising Agency after the return of Mr. Hale.  It appears that this agency was an old customer of The George Ethridge Company.  It was doing business with defendant in 1911 or 1912 when the Ethridge Company had an office in Boston where the O'Keefe Company was located. The P. F. O'Keefe Company had given defendants in the neighborhood of $70,000 worth of business before they employed plaintiff. The business was handled by Mr. Henry Hale in Boston; and in New York, after Mr. Hale came to the New York office of The George Ethridge Company, he continued to handle the P. F. O'Keefe Advertising Agency business until he went to the war in 1917. After Mr. Hale left for the war, the plaintiff Binner made a number of calls on the P. F. O'Keefe Advertising Agency and secured orders upon which he was paid commissions.  In the year 1919, upon the return of Mr. Hale, plaintiff was told not to make any further calls on the P. F. O'Keefe Advertising Agency.  Shortly prior to Mr. Hale's return Mr. James M. Ethridge, Jr., another salesman for the company, also returned to the company after serving in the army.  Subsequent to the return of Mr. Ethridge and Mr. Hale, the P. F. O'Keefe Advertising Agency gave orders for drawings aggregating $6,330.03.  Later when The George Ethridge Company was succeeded by George Ethridge, individually, orders aggregating $5,620.91 were received from the P. F. O'Keefe Advertising Agency.  Mr. Patrick F. O'Keefe, head of the P. F. O'Keefe Advertising Agency, under which name he did business as an individual prior to 1921, testified that up to the time Mr. Hale went into the army, he carried on his business generally with Mr. Hale and Mr. James Ethridge; that subsequently he made personal calls on the Ethridge Company in New York, on which occasions he gave them many orders, some of them solicited, others not; but that he does not recall giving any of these orders to the plaintiff; that, after Mr. Hale went into the service, he

13

generally discussed orders with Mr. James Ethridge; that with respect to orders given during 1918, 1919 and 1920 he talked with Mr. Larned and Mr. Beecher of the Ethridge Company when Mr. James Ethridge was not there; and that when Mr. Hale returned he talked with him. He testified further that he did not remember discussing any orders with the plaintiff after Mr. Hale's return.

This claim is not for commissions on orders which the plaintiff personally received, but for commissions on all orders received by defendants from the P. F. O'Keefe Advertising Agency after the return of Mr. Hale. The defendant paid plaintiff for all orders received prior thereto.

The defendants' witnesses assert that, when the plaintiff was told to solicit the P. F. O'Keefe Advertising Agency business, he was informed that it was to continue only during the absence of Mr. Hale. Mr. Hale testified that, when he returned from the war, he immediately took over the P. F. O'Keefe Advertising Agency account and had conferences with Mr. O'Keefe; and that for all orders upon which commissions were payable after his return he received the commissions. Mr. Hale further testified that, before he left for the war, he asked Mr. Ethridge if he could have his old accounts back when he returned, and Mr. Ethridge said he could; that he was absent about twenty-two months; that he then returned to the office of the Ethridge Company and was given the O'Keefe Advertising Agency account.

This complaint is based upon a contract which provided for commissions on business secured by plaintiff. Claims based on evidence purporting to show that, though the business was not secured by the plaintiff, he was entitled to obtain commissions because he was not permitted to solicit the business, are not within the complaint.

The judgment should be modified by striking out the amounts recovered as commissions on the P. F. O'Keefe Advertising Agency and the Frank Seaman, Inc. advertising agency accounts. The plaintiff was entitled to recover on the Gardiner, Atkinson & Wells, Inc. advertising agency account and the George E. Keith Company account.

The sum of the verdicts should, therefore, be reduced to $848.28, the judgments modified accordingly, and the judgments as so modified and the orders appealed from affirmed, without costs.

CLARKE, P. J., DOWLING, FINCH and McAVOY, JJ., concur.

Judgments modified by reducing the sum of the verdicts to $848.28, and the judgments as so modified and the orders appealed from affirmed, without costs. Settle orders on notice.